UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

TANINA BAKER,

    Plaintiff,

vs.                                                CV 00-J-2456-NE

STATE OF ALABAMA
DEPARTMENT OF HUMAN
RESOURCES; BILL FULLER,
State of Alabama Human Resources
Department; CULLMAN COUNTY
DEPARTMENT OF HUMAN
RESOURCES; YVONNE
COPELAND, Director of Cullman
County Department of Human
Resources,

    Defendants.

## MEMORANDUM OPINION

There are two motions before the court: defendants' motion to dismiss (doc. 3) and plaintiff's motion for an extension of time (doc. 6).

Plaintiff Tanina Baker is a licensed social worker. She has a Bachelors degree in Psychology, Behavioral Science and Sociology and she is currently working towards a Master of Science degree in Psychology. She has been employed at the Cullman County Department of Human Resources (CCDHR) as a social worker for approximately twelve years. She is forty-four (44) years old.

1



In July of 1999 plaintiff applied for the position of Service Supervisor I for Cullman County. Plaintifff did not receive the position. The person selected for the position was under forty (40) years old, had less education and experience than the plaintiff. Plaintiff then commenced this action claiming she was the victim of age discrimination in violation of 29 U.S.C. §621, *et seq.,* the Age Discrimination and Employment Act of 1967 (ADEA).

The court must assume that plaintiff's factual allegations are true when ruling on a motion to dismiss. *Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Fed.R.Civ.P. 12 (b)(6). A complaint may be dismissed under rule 12(b)(6) only if it is clear that no relief could be granted under any set of facts in support of the allegations. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed. 2d 59 (1984); *Jackam v. Hospital Corp. of America Mideast, Ltd.,* 800 F.2d 1577 (11th Cir. 1986). A dismissal of the complaint is appropriate when no construction of the complaint allegations will support the cause of action. *Marshall County Board of Education v. Marshall County Gas District,* 992 F.2d 1171, 1174 (11th Cir. 1993).

The defendants' argue this case should be dismissed in light of *Kimel v. Florida Board of Regents,* 528 U.S. 62, 120 S.Ct. 631 , 145 L.Ed.2d 522 (2000). According to *Kimel* the ADEA did not validly abrogate the states' Eleventh Amendment immunity therefor the ADEA did not provide a cause of action against the individual states. *Kimel,* 120 S.Ct. at 650. Plaintiff agrees *Kimel* held the ADEA was not a valid abrogation of Eleventh Amendment immunity. Plaintiff argues that it is possible the Cullman County

Department of Human Resources is not a state agency and requests additional time to determine funding sources of that particular agency.

Plaintiff apparently concedes that *Kimel* voids the claim against the Alabama Department of Human Resources. Therefore the controlling issue for the motion to dismiss is whether the Cullman County Department of Human Resources (CCDHR) is a state agency. If the CCDHR is a state agency then the complaint is due to be dismissed, if not the cause of action can continue.

To determine whether a particular entity is a state agency the court must examine state law. *Brown v. East Central Health Dist.*, 752 F.2d 615, 617 (11th Cir. 1985). According to Alabama statutory law, the Alabama Department of Human Resources is a state agency and the local county offices are as well. Ala.Code §38-2-1 (1992). "There is hereby created a State Department of Human Resources, with subordinate bureaus and divisions. . .". Ala.Code §38-2-1 (1992). §38-2-8, titled "County Departments of Human Resources", makes clear that county department

> "rules and regulations must be consistent with the policies, rules and regulations of the state department. All administrative and executive duties . . . must be in accordance with the rules and regulations of the state department, subject to the approval of the state board. These duties shall include . . . child care activities as shall be directed to it by the State Department of Human Resources. . .".

Ala.Code (1992). The State Department has a duty to develop and administer assistance "programs through county departments of human resources . . . in order to obtain uniform practices with respect to assistance throughout the state." Ala.Code §38-2-10 (1992).

Plaintiff points to §38-2-9 as evidence that the county DHR departments are

3

separate entities. That section provides that counties may appropriate county funds for the local DHR departments. Ala.Code §38-2-9 (1992). The same code section also states that the disbursement of county funds made available "for the care of the poor and needy of the county . . . must be approved by the State Department of Human Resources." §38-2-9.

Other courts have held that county DHR departments are state agencies. *See Mitchell v. Davis*, 598 So.2d 801 (Ala. 1992); *Ross v. State of Alabama*, 893 F.Supp. 1545 (M.D.AL 1995); *Liedel v. Juvenile Court of Madison County*, 707 F.Supp. 486 (N.D.AL 1989). The court in *Ross* concluded "the Houston County DHR is a state agency for purposes of the Eleventh Amendment." 893 F.Supp. at 1550. The Alabama Supreme Court determined the Barbour County Department of Human Resources was a state agency for purposes of state immunity. *Mitchell*, 598 So.2d at 806. This court also finds that county DHR departments are state agencies. As a result the ADEA claim against the Cullman County DHR is due to be dismissed.

The remaining defendants are Bill Fuller and Yvonne Copeland. Plaintiff concedes "it is true that an individual state official or local official may not be subject to monetary relief. . .". (Plaintiff's Response to Defendant's Motion to Dismiss, doc. 5 at 3). The ADEA does not provide relief against other employees, even if the other employees are in a supervisory or authoritative position. *Smith v. Lomax*, 45 F.3d 402, 403 n. 4 (11th Cir. 1995) ("[The Chairman and a Commissioner of Fulton County] could not . . . be considered her employer; Fulton County is her employer . . . they can not be

4

held liable under the ADEA . . . ."); *Griswold v. Alabama Department of Industrial Relations,* 903 F.Supp. 1492 (M.D.Ala. 1995).

Plaintiff argues that the two individual defendants should remain for injunctive relief. These claims are due to be dismissed as well. "An official capacity suit represents only another way of pleading an action against an entity for whom the named officer was acting as agent." *Griswold v. Alabama Department of Industrial Relations,* 903 F.Supp. 1492, 1497 (M.D.Ala. 1995) *citing Kentucky v. Graham,* 473 U.S. 159, 165, 105 S.Ct. 3099, 3104, 87 l.Ed.2d 114 (1985). Official capacity suits against employees can be dismissed as redundant where the employer is a properly named defendant in the lawsuit. *Griswold,* 903 F.Supp. at 1497. As a result the claims against Fuller and Copeland are to be dismissed as well.

An additional reason for dismissing the claims against Fuller and Copeland lie in the ramifications of the *Kimel* decision. The *Kimel* court held that because the ADEA did not validly abrogate state immunity, the federalism concerns found in the Eleventh Amendment barred ADEA claims against the state. *Kimel v. Florida Board of Regents,* 528 U.S. 62, 120 S.Ct. 631 , 145 L.Ed.2d 522 (2000). To hold that state officials could be sued in their "official capacities"for ADEA violations would be inapposite to that jurisdictional concern.

According to *Ex Parte Young*, plaintiffs can avoid the Eleventh Amendment bar by seeking prospective injunctive relief against individual state employees. 209 U.S. 123 (1908). However in one of the seminal cases addressing the Eleventh Amendment, the

Supreme Court held that state officers can not be sued to enforce federal statutes that contain comprehensive enforcement mechanisms. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996). The decision did not qualify what constitutes a comprehensive enforcement mechanism. The ADEA does provide a specific enforcement system, therefore is highly questionable if *Ex Parte Young* would apply and allow prospective injunctive relief against state employees for ADEA violations.

Further reason to question whether official capacity suits are a viable form for ADEA violations can be found in the *Kimel* decision. *Kimel,* 120 S.Ct. at 650. The *Kimel* court discussed what avenues of relief were still available for state employees who are victims of age discrimination. *Id.*

> Our decision today does not signal the end of the line for employees who find themselves subject to age discrimination at the hands of their state employers. . . . State employees are protected by state age discrimination statutes, and may recover money damages from their state employers, in almost every State of the Union. Those avenues of relief remain available today, just as they were before this decision.

*Id.* One route notably absent from this discussion is prospective injunctive relief against state employees.

To allow such official capacity claims would also be in direct conflict with what has been deemed allowable ADEA relief. As discussed earlier the ADEA provides relief against employers not against other employees. *Smith v. Lomax*, 45 F.3d 402, 403 n. 4 (11th Cir. 1995). Due to the foregoing reasons, the claims against defendants Fuller and Copeland are due to be dismissed as well.

It is therefore **ORDERED** that defendants' motion to dismiss is **GRANTED** and plaintiff's motion for an extension of time is **DENIED**.

**DONE** and **ORDERED** this the _17_ day of October, 2000.

INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE